**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN SMITHER AND PATRICIA SMITHER,** | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:16-cv-00038 |
| **DITECH FINANCIAL, LLC** | § § § | |
| Defendant. | § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW John Smither and Patricia Smither (the "Plaintiffs") and file this First Amended Original Complaint and Request for Injunctive Relief against Ditech Financial, L.L.C. f/k/a Green Tree Servicing, L.L.C. ("Ditech" or the "Defendant") and, in support thereof, would show the Court as follows:

### I. DISCOVERY LEVEL

1. Discovery in this matter should be conducted pursuant to Level 2 of TRCP 190.3 because this suit is not governed by Rules 190.2 or 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. The Plaintiffs are individuals residing in Harris County, Texas.

3. The Defendant has appeared and answered and may be served with this this First Amended Original Complaint and Request for Injunctive Relief by and through their attorneys of record Juan C. Garcia, Maryann Zaki and Catherine E, Garza, Sutherland, Asbill & Brennan

LLP, 1001 Fannin Street, Suite 3700, Houston, Texas 77002.

### III. JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court. The Plaintiffs seek a sum in excess of the minimum jurisdictional limits of this Court. The Court has subject matter and *in personam* jurisdiction over this matter.

### IV. FACTS

5. In 2006, the Plaintiffs were the owners of real property located at 5402 Meadow Lane, Houston, Texas 77056 (the "Property"). The Property was the Plaintiffs' homestead.

6. On January 4, 2006, the Plaintiffs took out a home equity loan (the "Loan") secured by the Property. The Defendant is allegedly the current holder of the note and beneficiary of the deed of trust.

7. The Plaintiffs divorced in 2007. On March 1, 2007, Mr. Smither transferred his interest in the Property to Ms. Smither and retained a lien on the Property pursuant to the Plaintiffs' divorce decree.

8. In July 2007, Mr. Smither sent a Notice of Change of Address, certified and return receipt requested, to Aegis Wholesale Corporation and Countrywide Home Loans, the original noteholder and the current noteholder at the time. A copy of the Notice of Change of Address and the return receipts showing receipt by the Defendant's predecessors is attached as Exhibit A.

9. On or about May 6, 2009, Bank of America sent a notice of default to Plaintiffs at the Property address. On or about June 25, 2009, Bank of America, who was mortgagee at the time, elected to accelerate the maturity of the debt in the amount of $406,323.83 and sent notices of acceleration to the Plaintiffs.

10. In August 2009, Bank of America filed an Application for Home Equity Foreclosure Order, Cause No. 2009-51471 in the 157th District Court in Harris County, Texas (the "2009 Foreclosure Suit").

11. Ms. Smither filed a chapter 13 bankruptcy petition in September 2009 and the 2009 Foreclosure Suit was voluntarily dismissed without prejudice upon motion of Bank of America in December 2009.

12. Ms. Smither's bankruptcy case was dismissed in January 2010. She re-filed bankruptcy in March 2010.

13. Ms. Smither's chapter 13 bankruptcy plan was originally confirmed on July 20, 2010. The plan provided for Ms. Smither to surrender the Property to the Defendant. By electing to surrender the Property to the Defendant, the Defendant could have acted immediately after confirmation to take steps to foreclose on the Property. The automatic stay did not protect any interest in the Property of Mr. Smither since he never filed a bankruptcy case. However, the Defendant did not foreclose on the Property.

14. On June 2, 2011, Ms. Smither's bankruptcy plan was amended to allow Ms. Smither to continue paying on the mortgage in accordance with her pre-petition contract. However, the bankruptcy plan did not provide that the mortgage would be cured and maintained. In other words, the mortgage loan was not reinstated or de-accelerated under the terms of the modification to the chapter 13 plan.

15. Thereafter, a credit report requested by Mr. Smither and issued by Transunion on January 31, 2012, shows this Loan was reported by Bank of America as "Foreclosure Initiated" as of the March 31, 2010.

16. A credit report requested by Mr. Smither and issued by Equifax Credit Solutions on May 29, 2013, shows the Loan was reported by Bank of America as "Foreclosure Proceedings Initiated; Account Delinquent 180 Days Past Due Date; Foreclosure Proceedings Started; Consumer Disputes This Item; Foreclosure Process Started."

17. A credit report requested by Mr. Smither and issued by Experian on November 11, 2014, shows the Loan was reported by Bank of America as "Transferred, closed." The account history states "Foreclosure proceedings started as of Mar 2010." On the same credit report, the Loan was reported by Green Tree Servicing, the entity to whom the Loan was transferred, as "Foreclosure proceedings started." The account history states "Foreclosure proceedings started as of Oct 2013 to Dec 2013."

18. A credit report requested by Mr. Smither and issued by Transunion on November 11, 2014, shows the Loan was reported by Bank of America as "Date Closed" on "05/31/2013" ">Maximum Delinquency of 120 days in 05/2009 for $13,101 and in 03/2010<." On the same credit report, the Loan Green Tree Servicing reported the Loan as "Date Closed" on "12/31/2013", with "Remarks: >Chapter 13 Bankruptcy<." Mr. Smither has never filed for bankruptcy.

19. Ms. Smither received a discharge in her bankruptcy case on June 26, 2015.

20. A credit report requested by Mr. Smither and issued by Credco Instant Merge Credit Report on October 30, 2015, shows the Loan reported by Greentree Financial Services as "Foreclosure Proceedings Started FRCL 06-15."

21. Since the acceleration of the debt by Defendant on or about June 25, 2009, no payments have been tendered by Plaintiffs to Defendant on the Loan. Further, no verbal or writ-

*Smither v. Ditech*
First Amended Original Complaint

Page | 4

ten agreements exist between Plaintiffs or Defendant regarding abandonment of the acceleration of the Loan. Finally, Defendant has never communicated to Plaintiffs or any credit reporting agencies an express intention to abandon acceleration of the Loan.

22. On November 6, 2015, the Defendant filed a new application for foreclosure, Cause No. 2015-66764 in the 189th District Court of Harris County, Texas (the "2015 Foreclosure Suit").

23. The Defendant failed to serve Mr. Smither with process for the 2015 Foreclosure Suit at his last known address as provided in Mr. Smither's Notice of Change of Address sent in 2007.

V. CAUSES OF ACTION

A. **Declaratory Judgment on Statute of Limitations**

24. The Plaintiffs seek a declaratory judgment from the Court that the statute of limitations bars the Defendant from enforcing its lien on the Property.

25. Texas Civil Practice and Remedies Code § 16.035 requires a person to "bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues."

26. The Defendant's cause of action arose in July 2009 when the Defendant's predecessors mailed the Notices of Acceleration to the Plaintiffs.

27. Although the Defendant's predecessors filed suit to foreclose in August 2009, the suit was voluntarily dismissed. Thereafter, beginning in March of 2010, the Defendant continuously reported the loan as in foreclosure status. In fact, on January 31, 2012; May 29, 2013; November 11, 2014; and October 30, 2015 the loan was consistently reported by Bank of America

and then Greentree Financial Services as in foreclosure status. The Defendant filed its current foreclosure suit against the Plaintiffs more than four years after the foreclosure process was initiated by Defendant with no reported interim abandonment by Defendant.

28. The current foreclosure suit is therefore barred by the statute of limitations. Under Texas Civil Practice and Remedies Code § 16.035(d), the real property lien and a power of sale to enforce the real property lien is void.

**B. Texas Debt Collection Act**

29. The Defendant has violated the Texas Debt Collection Act under Texas Finance Code § 392.001 *et seq*.

30. The Defendant is a debt collector within the meaning of Tex. Fin. Code § 392.001(6).

31. By continuing to report the past-due amounts on the Loan and foreclosure of the Loan on the Plaintiffs' credit reports even though the debt is no longer enforceable, the Defendant has made deceptive and misleading representations to collect the debt within the meaning of Tex. Fin. Code §§ 392.304.

32. Alternatively, if Defendant abandoned such efforts at any time from March 2010 through the present, such efforts were not reflected on information provided to credit reporting agencies and, consequently, Defendant misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code § 392.304(a)(8).

33. Because of the negative information from the Defendant on the Mr. Smither's credit reports, Mr. Smither is unable to obtain credit on as favorable of terms as he otherwise would, resulting in significant and material financial injury to John Smither.

C. **Fair Debt Collection Practices Act**

34. The Defendant has violated the Fair Debt Collection Practices Act under 15 U.S. Code § 1692e *et seq*.

35. The Defendant is a debt collector within the meaning of 15 U.S. Code § 1692a.

36. By continuing to report the past-due amounts on the Loan and the foreclosure of the Loan on the Plaintiffs' credit reports even though either the debt is no longer enforceable or the foreclosure was abandoned, the Defendant has made deceptive and misleading representations to collect the debt within the meaning of 15 U.S. Code § 1692e *et seq*.

37. Specifically, Defendant misrepresented the character, amount or legal status of a consumer debt in violation of 15 U.S. Code § 1692e(2)(A). Further, Defendant communicated to credit agencies—including Transunion, Experian, and Equifax—credit information which was known or which should have been known to be false in violation of 15 U.S. Code § 1692e(8).

38. Because of the negative information from the Defendant on Mr. Smither's credit reports, Mr. Smither is unable to obtain credit on as favorable of terms as he otherwise would, resulting in significant and material financial injury to Mr. Smither.

PRAYER

WHEREFORE, the Plaintiffs respectfully request that (1) the Defendant be cited to appear and answer herein; (2) the Court enter a declaratory judgment that the Defendant's lien on the Property is no longer enforceable; (3) the Court enjoin the Defendant from any further reporting of unpaid amounts under the Loan or that the Loan is in foreclosure; (4) the Court award damages to the Plaintiffs according to proof; (5) the Court award attorney fees to the Plaintiffs; and (6) the Court award the Plaintiffs such other and further relief to which they may be entitled.

Respectfully submitted,

**BAKER & ASSOCIATES**

*/s/ Reese Baker*
Reese Baker
Texas State Bar No. 01587700
Baker & Associates
5151 Katy Freeway, Suite 200
Houston, Texas 77007
Telephone: (713) 869-9200
Fax: (713) 869-9100

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via electronic notification from the clerk of District Court on the following counsel of record on February 3, 16.

Mr. Juan C. Garcia
Ms. Maryann Zaki
Ms. Catherine E, Garza
Sutherland, Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002

*/s/ Reese Baker*
Reese Baker